IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHAN J. COLODNEY          *
                            *
       v.                   *   Civil No. JFM-09-1026
                            *
KATHLEEN SEBELIUS           *
                          *****

MEMORANDUM

Plaintiff, a former employee of the United States Department of Health and Human Services, has instituted this action against Kathleen Sebelius, the Secretary of that Agency, for employment discrimination and alleged constitutional violations. Defendants has filed a motion to dismiss or for summary judgment. Plaintiff has responded to that motion by filing a motion to strike, and a reply memorandum in support of the motion to strike. Defendant's motion will be granted, and plaintiff's motion will be denied.

Plaintiff was appointed to the position of Director of the Office of Health Insurance Portability and Accounting Act Standards after having applied to the position. Because the position was a Senior Executive Service level position, plaintiff was required to serve a one-year probationary term. After serving in the position for several months, plaintiff was removed from it, after having conducted a deliberative investigation, the Agency concluded that plaintiff had made inappropriate remarks to several female employees.[1] Plaintiff's removal from the position did not result in his removal from federal service but rather to his demotion to the position of Health Insurance Specialist. Five months thereafter, plaintiff resigned.

Plaintiff pursued a grievance under the Civil Service Reform Act. He lost before the Merit Systems Protection Board and on appeal to the Federal Circuit. He also filed a suit in the

---

1 Defendant now denies making several of these statements. However, other witnesses testified that he did and on deposition plaintiff admitted making some of the statements. As to the other statements, plaintiff testified that he did not recall the exact language he used but he did not deny the substance of the statements.

U.S. District Court for the District of Nevada, challenging his removal notice as *ultra vires* and seeking reinstatement to the Director position. The district court dismissed this action, and the dismissal was affirmed by the United States Court of Appeals for the Ninth Circuit.

It is clear that the present action is frivolous. Plaintiff's EEO claim fails because he has not (and on the summary judgment record cannot) establish he was meeting the legitimate expectations of his employer in light of the inappropriate comments he made. Moreover, he cannot establish that the reason for his removal from the Director position were pretextual. The Agency could quite reasonably conclude that plaintiff's statements were ones that a supervisor should not make in the workplace. To the extent that plaintiff claims that his removal from the Director position was retaliatory, the record establishes a non-pretextual reason for his removal. Moreover, the record negates any causal connection between his filing of an EEO complaint and his removal from the Director position because he did not initiate any EEO claim before the removal decision was made.

Plaintiff's constitutional claims are frivolous. Plaintiff has a First Amendment claim only if the statements he made related to a matter of public concern, *see Garcetti v. Seballos*, 547 U.S. 410, 418 (2006), and obviously the inappropriate remarks he made to female employees do not fall within that category. He simply has not stated any facts upon which an equal protection claim can be maintained, and his due process claim is undermined by the rule that public sector employees are not entitled to due process protections prior to removal. *See Engquist v. Oregon Dep't of Agric.*, 128 S.Ct. 2146, 2151 (2008). Moreover, in light of the fact that plaintiff was serving a one year probationary term in the Director position, he was not entitled to any due process prior to his removal.

Finally, his claim under the Administrative Procedures Act is barred by the doctrine of res

judicata in light of the fact that he asserted the same claim in the Nevada action.   In any event, as the court found in the Nevada action, any claim plaintiff might have under the APA is preempted by the Civil Service Reform Act.   His *ultra vires* claim fails for the same reason.

      A separate order effecting the ruling made in this memorandum is being entered herewith.

DATE:   <u>18, 2009</u>          /s/
                                            J. Frederick Motz
                                            United States District Judge