IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHAN J. COLODNEY     *
                         *
       v.               * Civil No. JFM-09-1026
                         *
KATHLEEN SEBELIUS      *
                        *****

MEMORANDUM

Plaintiff, a former employee of the United States Department of Health and Human Services, has instituted this action against Kathleen Sebelius, the Secretary of that Agency, for employment discrimination and alleged constitutional violations. Defendant has filed a motion to dismiss or for summary judgment. Plaintiff has responded to that motion by filing a motion to strike and a cross-motion for summary judgment.[1] Defendant's motion for summary judgment will be granted, and Plaintiff's motions will be denied.

Plaintiff was appointed to the position of Director of the Office of Health Insurance Portability and Accounting Act Standards after having applied to the position. Because the position was a Senior Executive Service level position, plaintiff was required to serve a one-year probationary term. After employing Plaintiff in the position for several months, the Agency conducted a deliberative investigation and concluded that plaintiff had made inappropriate remarks to several female employees and removed him from the position.[2] Plaintiff's removal from the position did not result in his removal from federal service but rather to his demotion to the position of Health Insurance Specialist. Five months thereafter, plaintiff resigned.

---

[1] The Court notes that it has discretion to disregard as untimely Plaintiff's Reply to Defendant's Motion for Summary Judgment and his Cross-Motion for Summary Judgment. Although Plaintiff is a lawyer and should abide by the Court's deadlines, the Court will be lenient and consider his arguments on the merits because he is proceeding pro se.

[2] Plaintiff now denies making several of these statements. However, other witnesses testified that he did and on deposition plaintiff admitted making some of the statements. As to the other statements, plaintiff testified that he did not recall the exact language he used but he did not deny the substance of the statements.

Plaintiff pursued a grievance under the Civil Service Reform Act ("CSRA"). He lost before the Merit Systems Protection Board and on appeal to the Federal Circuit. He also filed a suit in the U.S. District Court for the District of Nevada, challenging his removal notice as *ultra vires* and seeking reinstatement to the Director position. The district court dismissed this action, and the dismissal was affirmed by the United States Court of Appeals for the Ninth Circuit.

It is clear that the present action is frivolous. Plaintiff's EEO claim fails because he has not (and on the summary judgment record cannot) establish he was meeting the legitimate expectations of his employer in light of the inappropriate comments he made.[3] Moreover, he cannot establish that the reason for his removal from the Director position were pretextual. The Agency could quite reasonably conclude that plaintiff's statements were ones that a supervisor should not make in the workplace. To the extent that plaintiff claims that his removal from the Director position was retaliatory, the record establishes a non-pretextual reason for his removal. Moreover, the record negates any causal connection between his filing of an EEO complaint and his removal from the Director position because he did not initiate any EEO claim before the removal decision was made.

Plaintiff's constitutional claims are frivolous. Plaintiff has a First Amendment claim only if the statements he made related to a matter of public concern, *see Garcetti v. Seballos*, 547 U.S. 410, 418 (2006), and obviously the inappropriate remarks he made to female employees do not fall within that category. He simply has not stated any facts upon which an equal protection claim can be maintained, and his due process claim is undermined by the rule that public sector employees are not entitled to due process protections prior to removal. *See Engquist v. Oregon Dep't of Agric.*, 128 S.Ct. 2146, 2151 (2008). Moreover, in light of the fact that plaintiff was

---

[3] Plaintiff's argument that he needs not show he was satisfying his employer's legitimate expectation s is not persuasive. Plaintiff cites two cases involving discriminatory criminal prosecution and one case involving discriminatory discharge to support his argument. These cases are clearly not analogous to Plaintiff's situation.

serving a one year probationary term in the Director position, he was not entitled to any due process prior to his removal.

Finally, as was clearly explained in Plaintiff's Nevada action and confirmed by the Seventh Circuit, any claim plaintiff might have under the APA is preempted by the CSRA. *See Colodney v. Leavitt*, No. 2:07-cv-889-ECR-RJJ, slip. op. at 2 (D. Nev. Oct. 16, 2007); *Colodney v. Leavitt*, 310 Fed. App'x 119, 120 (9th Cir. 2009). Plaintiff's *ultra vires* claim fails for the same reason. *See Pinar v. Dole*, 747 F.2d 899, 913 (4th Cir. 1984) ("Congress clearly intended the CSRA to be the exclusive remedy for federal employees and the Court of Appeals for the Federal Circuit to be the sole forum for judicial review.").

A separate order effecting the ruling made in this memorandum is being entered herewith.

DATE: 12/9/2009          /s/
                         J. Frederick Motz
                         United States District Judge